**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PEDRO CARRILLO, )<br>)<br>   Plaintiff, )<br>) Case No.: 2:15-cv-01615-GMN-GWF<br>vs. )<br>)<br>LOIS MARIE LONG, UHAUL CO. OF ) **ORDER**<br>ARIZONA, DOE OWNER, I-V, DOE )<br>DRIVER, I-V, ROE COMPANY, I-V, )<br>)<br>   Defendants. )<br>) | |

Pending before the Court is the Motion for Remand (ECF No. 10) filed by Plaintiff Pedro Carrillo ("Plaintiff"). Defendants Lois Marie Long ("Long") and U-Haul Co. of Arizona ("U-Haul") (collectively "Defendants") filed a Response (ECF No. 12), and Plaintiff filed a Reply (ECF No. 14). For the following reasons, the Court grants the Motion.

# I. BACKGROUND

This case arises out of an automobile accident. (Ex. A to Pet. for Removal, Compl. ¶ 11, ECF No. 1). Plaintiff originally filed his Complaint in the Eight Judicial District Court for the State of Nevada against U-Haul, an Arizona corporation, and Long, a Nevada resident. (*Id.* ¶ 2). On August 21, 2015, Defendants removed the action to this Court, asserting jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1). On September 1, 2015, Plaintiff filed the instant Motion, asking the Court to remand the case to state court. For the reasons set forth below, the Court grants the Motion.

# II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Among other cases, the district courts of the United States have original jurisdiction of civil actions where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).

### III.   DISCUSSION

Plaintiff asserts that the Court should remand this case because Long is a resident of Nevada where Plaintiff filed his Complaint. (Mot. to Remand 4:8–9, ECF No. 10).  Indeed, the forum defendant rule permits removal pursuant to diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[1] 28 U.S.C. § 1441(b); *see also Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004).  The forum defendant rule is intended to protect out-of-state defendants from possible prejudices in state court. *See Lively v. Wild Oats Markets,* Inc., 456 F.3d 933, 940 (9th Cir. 2006).  The need for this protection is absent where the defendant is a citizen of the state where the case is brought. *Id.* at 940.  In

---

[1] Although Plaintiff does not explicitly cite the forum defendant rule, Plaintiff asserts that "Long is a resident of Nevada" and "[Long's] residency alone is sufficient to show that the case is appropriately filed in State Court." (Mot. to Remand 3:20, 4:21–25).  The Court construes these statements as an implicit invocation of the forum defendant rule.

addition, "[a] motion to remand the case on the basis of [the forum defendant rule] must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

Here, Defendants do not dispute that Long is a Nevada resident, and Plaintiff originally sued in the state of Nevada. (*See* Resp. 3:8, ECF No. 12). Further, Plaintiff filed the instant Motion to Remand within the time limits imposed by § 1447(c). (*See* Pet. for Removal, ECF No. 1; Mot. to Remand). Moreover, the Supreme Court and the Ninth Circuit have reaffirmed that "removal statutes are to be strictly construed against removal and in favor of remand." *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *see also Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) ("Removal jurisdiction is statutory and strictly construed."). Therefore, the Court finds that removal is improper under § 1441(b) and remands this case to the Eight Judicial District Court for the State of Nevada.[2]

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 10) is **GRANTED** and this case is hereby **REMANDED** to the Eighth Judicial District Court. The Clerk of Court shall remand this case back to state court and thereafter close this Court's case.

**DATED** this ___3___ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[2] The Court notes that although Long has appeared in this case, she has not been served. (*See* Ex. B to Pet. for Removal, Answer, ECF No. 1). However, Plaintiff's failure to serve Long is irrelevant to the Court's analysis. Rather, "[t]he case law is clear that a defendant who is a citizen of plaintiff's state destroys complete diversity, regardless of whether that defendant was properly served prior to removal." *Jennings–Frye v. NYK Logistics Americas Inc.*, No. 2:10-cv-09737, 2011 WL 642653, at * 3 (C.D. Cal. Feb.11, 2011) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 538 (1939); *see also Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 78–79 (9th Cir. 1979) ("We . . . explicitly rejected the argument that '[§] 1441(b), by implication, expanded removal jurisdiction to permit removal, despite want of diversity, if a resident defendant whose presence would defeat diversity had not been served.'").